All rise. The Illinois 24th earned division is now in session. Honorable Justice Martina Langford is assigned. Oh my gosh, a big crowd. Good morning, good morning. Everyone sit down and have a seat. People versus McGee. We have so many people here before I start. Can you tell me, do we have law students here? Where are you from? Loyola. Loyola, good morning. It's wonderful to have you. And on this side, there's some really young faces. Are you? We're bartenders. Okay, bartenders. Okay, fabulous. All right. Well, good morning. I'm Judge Lampkin. I'm just introducing us because we have students here. I'm Judge Lampkin. To my right is Justice Reyes. And to my left is Justice Brock. And I'm really happy to have you. Now, the lawyers who are going to argue shortly with McGee, thank you for stepping up, please. And identify yourself for the record. The thing in front of you is not a microphone. It's a recorder. So please, at all times, speak up loud. Good morning, Victoria Rose for Joyce McGee. Okay, I did not hear your name. Victoria Rose. And make sure you speak into that so we can get your name recorded. Victoria Rose for Joyce McGee. All right, thank you. And counsel? Assistant State's Attorney, Noah Montague, on behalf of the state here. All right. And for the Applemont and for the Appalooke, give both sides 15 minutes. If we ask a lot of questions, certainly we'll extend the time. For the Appalooke, would you like to reserve some time for rebuttal? Yes, Your Honor. Four minutes. All right, that's fine. Okay, counsel, you can have a seat. Whenever you're ready, you can proceed. Is that sun getting you guys? I don't know how to move those. Is it possible we can move our arms? Is there a way to pull that curtain a little bit so it's not right in their eyes? I don't want it to pull down, so I guess there's... Well, it doesn't work. It appears not to work. All right. All right. Well, there it goes. Yeah, that's fine. Well, now we only have one person with a spotlight on. All right. I'm sorry, counsel. We have a little bit of a delay. No worries. It's not funny, I assure you. You can proceed. Good morning, and may it please the Court. My name is Victoria Rose, and I represent Joyce McGee in this appeal. This case presents a narrow but important question, whether Joyce was denied the reasonable assistance of post-conviction counsel, where counsel failed to provide the necessary evidentiary support for her as-applied proportionate penalties claim. Joyce was convicted of felony murder under a theory of accountability. The offense occurred when she was just 18 years old. At Joyce's 2009 sentencing hearing, her age was mentioned just once by trial counsel in passing, and not at all. I have not read the record. I'm going to go back to it. Did the pre-sentence investigation talk about her age, her schooling, her family? Were those things in the pre-sentence investigation report that was sent to the Court? Your Honor, her age was certainly mentioned in the pre- Not just her age. I was saying her schooling, her family life, that kind of thing. Yes, Your Honor. That was reflected. Yes. The Court ultimately sentenced her to 40 years imprisonment. In 2018, Joyce filed a successive post-conviction petition, raising a number of claims. Her petition was advanced to the second stage, and counsel was appointed. Post-conviction counsel amended Joyce's petition to advance just one claim. That her 40-year sentence violated the Proportionate Penalties Clause of the Illinois Constitution. In Miller v. Alabama, the U.S. Supreme Court discussed certain attributes of youth which diminished culpability and should be considered when sentencing juveniles, such as impulsiveness and susceptibility to peer pressure. In Joyce's petition, post-conviction counsel argued that under recent case law, quote, Miller considerations apply to 18 and 19-year-olds. And because no Miller considerations were apparent in Joyce's sentencing transcript, counsel argued that her sentence violated the Proportionate Penalties Clause. I have a question. So you don't argue on appeal that the Circuit Court erred in dismissing the petition based on Moore and Wilson. If that's the case, how is it that you can argue that counsel is ineffective in this presentation of a meritless claim? Yes, Your Honor. So in Joyce's petition, counsel originally argued that cause was established because the claim was not reasonably available when she filed her first petition in 2013. Now, since the filing of Joyce's petition, our Supreme Court has decided that Miller does not establish cause for an age-based Proportionate Penalties Claim. So on remand, counsel would have to address cause in a different way. And we really can't speculate as to how counsel would do that, especially since this area of the law is rapidly changing. How counsel addresses cause today might be very different from how counsel addresses cause a year from now. Wouldn't it still be reliable on counsel to rely on those cases, though, and to make those arguments? I'm sorry, could you say the question again? Sure. So you said that the cases are evolving, it's moving fast, this particular area. But at the same time, isn't it reasonable to expect that someone would rely on those cases? Of course, Your Honor. I don't think it was unreasonable for counsel to rely on Miller and its progeny in Joyce's petition. But as I will get into in a moment, counsel did not connect these developing studies on juvenile brain development to Joyce's unique background, which is the key showing for an As-Applied Proportionate Penalties Claim. Okay. That's where counsel was unreasonable. So counsel misunderstood the law. Miller does not apply to 18- and 19-year-olds. Instead, Illinois courts have allowed young adult defendants to invoke the reasoning of Miller to argue that their senses are disproportionate in light of their youth, but only if they can demonstrate with evidence that their individual characteristics mirror those of a juvenile. Importantly, our Supreme Court has emphasized that a petitioner raising an age-based proportionate penalties claim must show how the evolving science in juvenile brain development applies to her as an individual. She must demonstrate that at the time of the offense, her maturity and judgment more closely resembled a juvenile's than a fully mature adult's. And she can do this by connecting her background and experiences to these new studies on juvenile development. In People v. Williams, our court held that a young adult petitioner who simply cites his age at the time of the offense and the evolving science on juvenile maturity and brain development does not state the gist of an as-applied proportionate penalties claim. And that is what occurred here. Counsel failed to connect... Counsel eventually filed a report on what has been described as an accident. Yes, Your Honor. Do you feel that that did not meet reasonable assistance from counsel? So, counsel did attach Joyce's psychological evaluation, which was purported to reconstruct Joyce's psychological status at the time of the offense. But the report only briefly comments on her maturity at the time of the offense. It said that there was some reason to question her level of maturity because she did not appear to understand the gravity of the situation when she was first interviewed by police. And the report also detailed Joyce's difficult childhood in documenting that she grew up in a dangerous neighborhood, a lot of gang activity, and how her parents struggled with substance abuse and her father is frequently incarcerated. This is all important to know. And new studies have shown that traumatic events in childhood can lead to issues like impulsiveness and poor judgment and poor emotional control. The problem is Joyce's petition did not make this connection. It never explained how her experiences affected her development in a way that made her more like a juvenile than an adult. In fact, even though counsel acknowledged that there are all these new studies on juvenile brain development, not a single study was cited in her petition, not a single one. So is that all that you're considering that was ineffective because they didn't file any studies? It went along with the psychological evaluation? In part, yes. The petition and all of its attached documents doesn't explain how Joyce was more like a juvenile than an adult at the time of the offense and why she should have diminished culpability using the reasoning of Miller and his progeny. It never made that connection. So Joyce's petition did not show how the evolving research in juvenile brain development applies to her as an individual. And this was fatal to her claim. In People v. Thompson, our Supreme Court held that evidence linking research on juvenile brain development to a defendant's specific circumstances is the key showing to an as-applied proportionate penalties challenge. Joyce was entitled to the reasonable assistance of post-conviction counsel, and our courts have made clear that providing reasonable assistance includes providing the necessary evidentiary support for the petition's claims. Counsel chose to amend Joyce's petition to advance this claim, so he had a duty to shape it into its proper form. And until her claim is properly presented, its merits can't be meaningfully reviewed. Our court held in People v. Addison that all post-conviction petitioners are entitled to have counsel comply with the limited duties of Rule 651C before the merits of their petition are determined. So you're relying on Thompson here? In part, yes, Your Honor. In part? Yes. What other part are you not? I mean, Thompson is a core case in this area of law, yes. Pardon me? Thompson is a very important case in this area of law, yes. Joyce was sentenced to 40 years in prison. Because she was sentenced in 2009, she will not be eligible for parole in 20 years under the youthful parole statute, like she would be had the offense occurred today. She first became incarcerated as a teenager, and she will be nearly 60 when she is released from prison. What Joyce is asking for is the opportunity to show that her sentence violates the Proportionate Felonies Clause in light of her youth and its attendance characteristics, and she needs the reasonable assistance of counsel to do that. Accordingly, she requests that this Court remand her petition for further second safe proceedings and appoint new counsel on remand. And I'm happy to answer any other questions this Court has. I just wanted to ask about parole. So is she eligible or she's not eligible for parole? She is not eligible. I believe in the reply brief I mistakenly said that she was. She is not. Okay. Thank you. Thank you, Your Honors.  Good morning. Assistant State's Attorney Noah Montague on behalf of the State in this matter. Your Honor, this Court is very well familiar with the facts in this case. This is coming back on a successive petition. As far as the facts pertinent to this issue, really what needs to be seen is that this is not a case where you are dealing with a passive participant in a murder because it is an accountability case, but this was a very active participant. She was involved in the planning of the crime. She was involved in the planning of the crime that the crime was supposed to allow because they robbed a cab driver in order to rob an armored truck. So she was involved in the planning. They used her phone to call the cab. They used her address as the destination for the cab. After the cab driver was shot and murdered, she got into the cab, and then she personally helped dispose of the cab driver's belongings, and her fingerprint was found on the cab driver's cell phone. So this is not a case like Leon Miller or some other case where you have a very passive and passing involvement. She was involved head-to-toe. Well, there is a certain point where the merits do matter because counsel does not have an obligation to make a meritless claim, and it is the state's position that this claim here is categorically meritless. It's not meritless based on the facts. It's categorically meritless under Illinois law. And there's a few reasons why the state believes you can find that, and that if you look at the Illinois Supreme Court precedent on the particular application of the proportionate penalties clause to young adults post-Miller, what the Supreme Court has said at first is that they've never actually found that anyone has ever created and actually established a claim that a young adult can establish a proportionate penalties violation based on proof that their brain is immature. They have said repeatedly, a few times at least, that people are not prohibited from presenting such evidence. But it's also important to note that that started in 2015 in Thompson, and it's 10 years later, and there is no case where that claim has ever been found. So you're in a position where you're saying, was Post-Innovation Counsel unreasonable for failing to present evidence for a claim that has never actually been established under Illinois law? So don't we need more support for that? I mean, at this point in time, following your argument, we don't have enough here. So shouldn't we go back and see if it actually was a Martinist claim or not? No, Your Honor. It's the State's position that, again, when you look at the totality of Illinois law, there's no reason to send this back because even if they presented all that evidence, there is still no claim. And you can see this also from the fact that the Supreme Court has stated three separate times that Miller v. Alabama did not change the law applicable to young adults under the proportionate penalties clause. In Clark in paragraph 93, in Moore in paragraph 42, and very recently in Spencer in paragraph 31, the Supreme Court has said that explicitly three times. Miller v. Alabama did not change the law for young adults under the proportionate penalties clause. So, again, we're talking about did post-conviction counsel provide unreasonable assistance for failing to present evidence for a claim that has never been found and a claim which is based on Miller v. Alabama, which the Supreme Court said did not change the proportionate penalties law. And now a third point is that in People v. Hillard in paragraph 27, the Supreme Court has also stated to a young adult in a nearly identical situation that Thompson, Harris, and House, three cases which are part of the argument here, where the court has said, look, you're not prohibited from presenting that evidence. The court in Hillard explicitly stated that Thompson, Harris, and House do not support a proportionate penalties claim for a young adult with a discretionary sentence below de facto life. Okay. So, again, if counsel was unreasonable for presenting evidence based on a claim that is potentially existing in Thompson, Harris, and House, how can he be unreasonable for not presenting evidence to support that claim when the Supreme Court has explicitly ruled that Thompson, Harris, and House do not apply to a defendant in this case, a young adult with a sentence of less than life in prison, or less than de facto life. And really more of a point is the State's position that paragraph 40 of Hillard explicitly states and can be seen as completely dispositive of any claim in this case. Because if you look at Hillard, the first thing you see, and they say this in paragraph 40, is that unlike this case, Hillard was a first-stage PC. And so the court says, okay, it's a first-stage PC. That means we have to take everything you say as true. And so all those parts in your petition where you say that brain science proves that you were like a juvenile and not, you know, an 18 to 21-year-old, we take that as true. And we'll apply it to your case and see if you even stated the gist of the proportion of penalties claimed. Again, this is someone, a young adult, murder conviction, less than de facto life sentence. And what does the court say? Was it murder or attempt murder? Yeah. I can't remember. You know what, honey, you may be right. It may have been like robbery and attempt murder. I'm sorry. The point is the nearly identical situation as we have in this case, what the court said was we will take your evidence that your brain is like a juvenile is true, and we will analyze it to see if you have stated the gist of a proportion of penalties claimed. And in the court's own words, the court said, you are not even close to stating the gist of a proportion of penalties claimed. So how is it possible that that defendant could not even state the gist of a proportion of penalties claimed? Taking all that evidence is true. But this post-conviction counsel could be unreasonable for not presenting that evidence, which, according to Hillard, would have no effect. So I have a question. So initially it was grand, right? Yes. It was grand because the trial court felt that there was enough factual evidence there to proceed to the next stage. That's correct. And the only reason the motion for reconsideration was grand is because of the case law. Yes. So in this case, was counsel actually ineffective or not? There is certainly the State's position that counsel was not ineffective because even if he had done everything the defense is asking that he do, there would have been no effect. Because Illinois law does not recognize a claim under the proportion of penalties proven by brain science comparing you as an 18 to 20-year-old with someone under the age of 18. You can present that evidence, certainly, as well as you can present like, well, I didn't finish high school or my parents had health problems and so on and so forth. But that evidence is not only not dispositive of whether or not a proportion of penalties claimed would be meritorious. The Supreme Court in Hillard explicitly said that it wouldn't even get you close. Even accepting the full impact of that evidence is not even close to stating the gist of a proportion of penalties claim. So it was the State's position that the evidence here and the claim of unreasonable assistance is categorically closed by People v. Hillard. And, you know, in People v. White shortly thereafter in paragraph 41, they make a similar statement about how you can't show a proportion of penalties claim for a young adult with less than de facto life based on Miller factors. So for those reasons, and those stated in the People's Brief, we would ask that this Court affirm the denial of the petition. Thank you.  Thank you. Counsel, whenever you're ready. And I'd really like you to address counsel's Hilliard argument. And if you're familiar, was it in Hilliard? Did somebody die? I can't remember. I thought that the person was shot through the arm a couple of times. In Hilliard, Your Honor? I'm sorry, I don't remember either. All right. So first, the State is very focused on the merits of Joyce's claim. And as I've argued, it is inappropriate to assess the merits of her claim before it is properly presented with the reasonable assistance of post-conviction counsel. We just can't speculate as to the merits of Joyce's petition, where the record demonstrates that counsel failed to provide reasonable assistance. To the extent of the merits do matter, this Court should reject the State's argument that the length of Joyce's sentence defeats her claim under Hilliard. Hilliard specifically stated that defendants with sentences of any length can challenge their sentences under the proportionate penalties clause. And the State actually raised this exact same argument last year in People v. Gene, stating that it would be unreasonable for counsel to amend a petition to assert a Miller-based proportionate penalties claim when defendant was not subject to a de facto life sentence because such a claim would lack merit. And this Court rejected that argument. It held that the Illinois Constitution does not limit a proportionate penalties challenge to just individuals with life sentences. And a defendant is not precluded from arguing that a 40-year sentence combined with distinct facts could be disproportionate under a State constitution. The State also argues that counsel has no duty to support a meritless claim. And in its response, it cites several cases, Guyano, Proffitt, and Custer, in which courts have held that. But in each of those cases, counsel did not amend the petition. The reviewing courts found that counsel does not provide unreasonable assistance by choosing not to amend the petition if counsel believes its claims are meritless. He can simply stand on the pro se petition. Here, counsel amended Joyce's petition to advance her proportionate penalties claim. So we can assume that he thought the claim had merit, unlike Joyce's other pro se claims that counsel did not advance. And our Court held in Addison that once post-conviction counsel identifies claims worth pursuing, he has a duty to shape them into their proper form. And the State argues that no proportionate penalties claim has been successful so far, drawing on the reasoning of Miller. And that might be true. But our courts have been very clear as to what a successful claim would look like. The petitioner has to argue, using evidence from their background and these studies on juvenile brain development, that they were more like a juvenile than an adult at the time of the offense. And that is a mitigating quality that should be considered in finding their sentence disproportionate. That is what counsel should have done, and he failed to do that. And with that, I will thank you for your time. Thank you. And I'd like to thank the lawyers for an interesting case, challenging case. You both did a very good job. I really appreciate that you knew your case. We have people standing in front of us, I assure you, who don't know someone who's a very happy person. And we will certainly have a decision for you shortly. And at this time, we're going to stand adjourned. Thank you so much. Thank you.